CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

1/30/2025

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, as subrogee of Carter Bankshares, Inc., | ) ) ) ) | Case No.: 6:25cv00014 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ATLANTIC CONSTRUCTORS, INC., | ) ) | |
| Defendant | ) ) | |

## COMPLAINT

The Phoenix Insurance Company, as subrogee of Carter Bankshares, Inc., by counsel, for its Complaint against Defendant Atlantic Constructors, Inc., states as follows:

## PARTIES

1.      Plaintiff The Phoenix Insurance Company ("Phoenix Insurance") is a Connecticut corporation approved as an insurer in the Commonwealth of Virginia.  Phoenix Insurance provided a policy of insurance to Carter Bankshares, Inc. ("Carter") for damages to its property, including the property located at 550 Blue Ridge Avenue, Bedford, Virginia (the "Property").  This insurance was provided and issued under Phoenix Insurance policy number HN630-4K836344.

2.      Defendant Atlantic Constructors, Inc. ("ACI") is a domestic corporation organized and operating pursuant to the laws of the Commonwealth of Virginia with a principal place of business in North Chesterfield, Virginia.  ACI. can be served through its registered agent, Laura Windsor, at 200 South 10th Street, Suite 1600, Richmond, Virginia 23219-4061.

## JURISDICTION AND VENUE

3.      This lawsuit arises between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a).

4.      Venue is proper in the district and division because the events giving rise to the loss occurred at 550 Blue Ridge Avenue, Bedford, Virginia.  Pursuant to 28 U.S.C. § 1391 and Local Rule 2(a)(5), the property where the loss occurred is situated in the Lynchburg Division of this Court.

## FACTS

5.      On or about December 2, 2022, ACI replaced two men's toilets.

6.      Five months after this installation, Carter reported continued issues of water leaks from the toilets.

7.      On or about May 4, 2023, Carter hired ACI to replace the leaking toilets with low flow units.  A true and correct copy of the invoice for the May 4, 2023, installation is attached hereto as "EXHIBIT A."

8.      Between the time Carter closed on Friday May 4, 2023, and re-opened Monday May 8, 2024, a flexible PEX water line separated from one of the two newly installed toilets, allowing water to discharge throughout the Property during the duration of the weekend in which Carter was closed.

9.      On or about May 8, 2024, an employee discovered water free flowing from the separated PEX water supply line.  A photo of the separated water supply line is attached hereto as "EXHIBIT B."

10.    Upon information and belief, the PEX water supply line installed by ACI was coupled with a rubber cone washer and an attachment nut to the toilet fill valve.

11.    Upon information and belief, industry standard warns against installing a PEX water supply line with a rubber cone washer because it does not make a mechanical seal and is subject to dislodge under any amount of pressure.

12.    As a result of the water discharge, Carter suffered property damage, contents damage, extra expense and business interruption damages.

13.    Pursuant to its policy of insurance, Phoenix Insurance reimbursed Carter in the amount of $235,289.82 for damages sustained as a result of the aforementioned loss.

14.    By virtue of its payments, Phoenix Insurance is subrogated to Carter's rights of recovery against any third party, including ACI, for damages arising out of the aforementioned incident.

## COUNT I
### *NEGLIGENCE*

15.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 2 through 14 above as if fully restated herein.

16.    Defendant had a duty to use reasonable care to protect and not harm the Property.

17.    Defendant had a further duty to hire competent agents, servants, employees, vendors, contractors, or subcontractors to perform the toilet replacement and utilize correct materials and installation methods of PEX water lines.

18.    Defendant breached its duties through its negligent acts or omissions and/or the negligent acts and omissions of its agents, servants, employees, vendors, contractors, or subcontractors in one or more of the following ways:

a.  Failing to perform its work in accordance with manufacturer instructions on proper installation methods of PEX water lines.

b.  Failing to properly perform its work by deviation from applicable industry standards relating to the installation of PEX water lines.

c.  Failing to properly perform its work which would have identified the PEX line was not installed in accordance with the manufacturer's specifications;

d.  Creating or permitting a dangerous or defective condition to exist when Defendant knew or should have known that such condition would create an unreasonable risk of damage to the Property;

e.  Failing to meet the appropriate standard of care expected of a licensed plumber in the region;

f.  Failing to warn Carter of the inherent risks associate with installing a PEX water supply line to plastic toilet fitting;

g.  Failing to properly train its agents, servants, employees, vendors, contractors, or subcontractors so as not to cause damage to the property of others; and,

h.  Failing to use due care in other ways that may be disclosed or determined through discovery.

19.    As a direct and proximate result of the negligence, carelessness, and negligent omissions of Defendant and/or its agents, servants, employees, vendors, contractors, and/or subcontractors, Carter suffered damages described herein, which damages were reimbursed, in part, by Phoenix Insurance.

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor against the Defendant in the amount of $235,289.82, award pre and post judgment interested as allowed by law plus the costs of this action, and grant such other and further relief as this Court deems just and proper.

3

Respectfully Submitted,


**s/ _Zachary M. Jett_**

Zachary M. Jett

Virginia Bar Number: 93285

Attorney for Plaintiff

Butler Weihmuller Katz Craig, LLP
11525 N. Community House Road, Suite 300
Charlotte, North Carolina  28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: zjett@butler.legal